No. 898

BRANNON, Trustee, v. DAMSCHROEDER

Ohio Appeals, 6th Dist., Ottawa Co.

No. 89.    Decided Oct. 24, 1925

237. CLAIMS—Where there are two claimants for same money and it is paid over to one of them, recognized as being rightfully due him, the other cannot sue to recover such money, for having rightfully received the money, the law will not imply a promise to hold it for use of the other claimant, or to pay it to him.

YOUNG, J.

For some years James Wilson was manager of a store at Elmore under the name of The Elmore Produce Co. organized under the laws of Michigan; and engaged in the buying and selling of farm produce. August Damschroeder transacted business with this company. The Company also transacted business with the Fairmont Creamery Co. located in Cleveland.

In 1923, Damschroeder brought an action in the Cleveland Municipal Court against The Elmore Produce Company on a claim alleged to be due him, and sought to recover by garnishment, monies in the hands of the Creamery Co., which answered that it was indebted to the Produce Co. The court, after hearing, ren-

## STATE COURT OF APPEALS—Continued

dered judgment in favor of Damschroeder, and ordered the Creamery Co. to pay into court sufficient monies to cover judgment and costs. The order was complied with and the money applied accordingly.

It appears from the record that during these years, Wilson ceased to transact business under the name of The Elmore Produce Co. but continued to manage the business under the name of Elmore Produce Co. Wilson was subsequently adjudged a bankrupt; and Warren Brannon became trustee of his estate. The question then arose whether the funds paid into the Municipal Court were assets of The Elmore Produce Co. or of Wilson, doing business as Elmore Produce Co.

Brannon instituted a suit in a justice court in Cuyahoga county to recover from Damschroeder the amount recovered by him in the Municipal Court. The justice rendered judgment in favor of Damschroeder which was affirmed on appeal to the Cuyahoga Common Pleas.

The case was appealed to the Court of Appeals and the question presented was whether or not Brannon was entitled to recover on the ground that this money paid in the Municipal Court judgment were funds belonging to the bankrupt estate. It is contended that the Creamery Co. was indebted to the bankrupt, that the bankrupt Wilson was indebted to Damschroeder, and that The Elmore Produce Co. was not indebted to him; and that the Creamery Co. was not indebted to the Elmore Produce Co. Brannon further contended that Damschroeder wrongfully and unlawfully procured property out of the assets of the bankrupt estate belonging to him as trustee thereof. The Court of Appeals held:

1. The issues seems to be one of conflicting claims, or in other words, a conflict between claimants as to proper division of funds, therefor raising the question as to lack of mutuality and privity of contract between Brannon and Damschroeder.

2. Where there are two claimants for the same money, and one of the mis recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot sue to recover the money for the reason that having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him.

3. Therefore, there is not, under the circum-

stances, any privity of contract on which to found the action. This view is applicable in the case at bar. Bd. of Education v. Bd. of Education, 44 OS. 225.

Judgment affirmed.

Attorneys—Fritsche, Kruse & Winchester for Brannon; Gordon & Gordon for Damschroeder; all of Toledo.